UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANDA SMITH,<br>                 Plaintiff,<br><br>               v.<br><br>GUTTER COVERS OF MARYLAND &<br>VIRGINIA, et al.,<br>               Defendants. | Civil Action 04-01974 (HHK) |

**MEMORANDUM OPINION**

Plaintiff, Amanda Smith, brings this action against defendant Gutter Covers of Maryland & Virginia, LLC ("Gutter Covers") and one of its directors, Robin Britt, for alleged violations of the District of Columbia Consumer Protection Procedures Act ("CPPA") and a Federal Trade Commission rule ("FTC rule"), 16 C.F.R. § 429.0 *et seq.*, as well as for the torts of negligence and intentional misrepresentation. Smith styles her lawsuit as a class action. Presently before the court is defendant Britt's motion to dismiss [#3], and plaintiff's motions to amend the complaint and to remand the case to Superior Court for the District of Columbia [#6, 7].[1] Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that Britt's motion must be denied, plaintiff's motion to amend must be granted, and plaintiff's motion to remand must be denied as moot.

---

[1] Smith's motions have two docket entries because she twice filed the same document, which she has captioned a "Consolidated Motion to Amend Complaint; Motion to Remand; and Opposition to Motion to Dismiss" on December 15, 2005.

### I. BACKGROUND

On March 24, 2003, Gutter Covers solicited Smith at her home in northwest Washington, D.C. to purchase "gutter cleaning and the sale and installation of 'gutter toppers.'" ¶ 17. Smith, apparently won over, then signed a contract with Gutter Covers. The company agreed to "clean out all gutters and downspouts," "recondition all gutters and downspouts," and "[i]nstall 8 panels of new gutter topper 2 pairs of end caps" for a payment of $1,508. *Id*. ¶ 19. Smith does not state whether she sought to cancel the contract, whether the company ever provided the specified goods and services, and if so whether she was dissatisfied with the result. She does, however, assert that Gutter Covers failed to inform her of her rights to rescind the contract, and that the company is therefore in violation of a Federal Trade Commission rule[2] which imposes a "three day right of rescission on home solicitation or door-to-door sales." *Id*. ¶ 7. Specifically, sellers must orally inform the buyer of her right to cancel the transaction; include a specific notification, "in 10 point bold font, in proximity to the signature line" of the contract, informing buyers of the right to rescind within three days; and provide a "specifically worded notice of cancellation form, also in 10 point bold font," for the seller to use if she chooses to exercise her rescission rights. *Id*. Smith alleges that while her contract with Gutter Covers included cancellation language, "it is the wrong language, in the wrong type size and in the wrong font," and also fails to mention or provide a cancellation form. *Id*. ¶ 21.

In addition to alleging that Gutter Covers violated the FTC rule, Smith alleges that Gutter Covers ran afoul of the CPPA, because "any violation of [16 C.F.R. § 429.0 *et seq*.] constitutes a

---

   [2]   The relevant rule is codified at 16 C.F.R. § 429.0 *et seq*. Smith refers to the rule as "the federal Door-to-Door Sales Act," Compl. ¶ 1, although the term "Act" usually applies only to Congressional enactments.

violation of the CPPA," Compl. ¶ 15.  Finally, Smith claims that at the time she entered into the March 24, 2003 contract with Gutter Covers, the company "was not duly licensed in the District of Columbia to perform home improvement work or any general services or repair work." *Id*. ¶ 3(b).  Gutter Covers, Smith alleges, "knowingly and willingly misled [its] customers" by failing to inform them of this fact, and in fact "affirmatively represent[s]" that it is in fact licensed in the District of Columbia.  *Id*. ¶¶ 25-26.  Smith originally filed her complaint in D.C. Superior Court on September 27, 2004.  Gutter Covers removed the case to this court on November 12, 2004.

## II. ANALYSIS

**A.     Dismissal**

Britt moves to dismiss Smith's claims against him on the grounds that the court lacks personal jurisdiction over him.  In the District of Columbia, "[p]ersonal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity." *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147, 163 (D.C. 2000).  A plaintiff bears the burden of establishing personal jurisdiction over each defendant, and "cannot rely on conclusory allegations" but "must allege specific facts on which personal jurisdiction can be based," *Atlantigas v. Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).  While the court cannot rely on "conclusory allegations" alone, it should also resolve any factual discrepancies in the plaintiff's favor. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  However, when no discovery has taken place, a plaintiff may defeat a motion to dismiss based upon lack of personal jurisdiction "by making mere factual allegations to establish a prima facie showing of jurisdiction." *GTE New Media Servs. Inc. v. Ameritech Corp.*, 21 F.

Supp. 2d 27, 36 (D.D.C. 1998).  Furthermore, "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of [the trial court] by withholding information on its contacts with the forum." *Eric T. v. Nat'l Med. Enters.*, 700 A.2d 749, 759 n.21 (D.C. 1997) (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996).

In her amended complaint, for which she seeks the court's permission to file, Smith alleges that "Gutter Covers holds itself out as being 'owned and operated by the Britt family,'" Am. Compl. ¶ 3(b), and that Britt sought "to obtain licensure in the District of Columbia in the name of the company," *id*. ¶ 4(a).  Although these allegations may ultimately fall short, they may instead prove a sufficient basis for the exercise of personal jurisdiction over Britt.  The court agrees with Smith that it is simply premature to dismiss the claims against Britt prior to discovery, and accordingly denies Britt's motion.

**B.    Amendment**

Fed. R. Civ. P. 15(a) governs the amendment of pleadings.  If a responsive pleading has already been served, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Where as here a responsive pleading has been filed, "[w]hether to grant or deny leave to amend rests in the district court's sound discretion," *Nwachukwu v. Karl*, 222 F.R.D. 208, 210 (D.D.C. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The court should "determine the propriety of amendment on a case by case basis, using a generous standard," *Harris v. Sec'y, United States Dep't of Veterans Affairs,* 126 F.3d 339, 344 (D.C. Cir. 1997).  Specifically, in the absence of factors such as "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or futility of amendment, the court should grant leave to amend. *Id*. (citing *Foman*, 371 U.S. at 182); *see also Pannell v. District of Columbia*, 829 A.2d 474, 477 (D.C. 2003) (noting the "virtual presumption" in favor of granting a motion to amend "unless there are sound reasons for denying it.").

Here, Smith seeks to amend her complaint in three respects: first, to remove her asserted cause of action under the FTC rule; second, to remove her claim of "intentional misrepresentation"; and third, to "make clear [her] allegations of personal liability with regard to Defendant Britt." Pl.'s Mot. to Amend/Remand at 2. Smith now states that her assertion of a purported federal claim was "mistaken" because there is "no private cause of action" under the FTC rule, *id*. at 6. She notes that through her attorney, she informed opposing counsel of this mistake before defendants filed their notice of removal, Pl.'s Reply at 1-2, a statement defendants do not deny. Far from showing "undue delay" or "dilatory motive," Smith moved to promptly correct the defect in her complaint. Nor do defendants claim that amendment would unduly prejudice them. Rather, the only argument they raise in opposing Smith's request is that amendment would be futile because the complaint would still fail to state a claim upon which relief could be granted. Defendants bear the burden of persuading the court to deny Smith leave to amend. *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

For the reasons already discussed, it is premature to deny Britt's motion to dismiss, so allowing Smith to amend her complaint would clearly not be "futile" on that ground. Likewise, defendants have not shown that either of the claims Smith raises in her amended complaint must be dismissed, thereby rendering amendment futile.

First, Smith's amended complaint asserts a claim for negligent misrepresentation. Under District of Columbia law, a plaintiff seeking to prevail on a claim of negligent misrepresentation must show that: (1) "the defendant made a false statement or omission of a fact"; (2) "the statement was in violation of a duty to exercise reasonable care"; (3) "the false statement or omission involved a material issue"; (4) the plaintiff reasonably relied on the false statement or omission to her detriment; and (5) the defendant's challenged conduct caused injury to the plaintiff. *Burlington Ins. Co. v. Okie Dokie, Inc.*, 329 F. Supp. 2d 45, 48 (D.D.C. 2004) (citations omitted). Smith's amended complaint alleges all of these elements. *See* Am. Compl. ¶¶ 46-50. Accordingly, this claim would survive dismissal.

Smith also asserts a claim under the CPPA, a statute "designed to provide procedures and remedies for a broad spectrum of practices which injure consumers." *Dist. Cablevision Ltd. P'ship v.Bassin*, 828 A.2d 714, 722-23 (D.C. 2003) (quotation omitted). The CPPA "defines its terms comprehensively so that it can provide a remedy for all improper trade practices." *Cooper v. First Gov't Mortg. & Investors Corp.*, 206 F. Supp. 2d 33, 35 (D.D.C. 2002) (citation omitted). A person or company which supplies goods or services in the District of Columbia may be liable under the CPPA. *Id.* (citing *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C. 1981)). Among other provisions, the CPPA provides that "[i]t shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived, or damaged thereby, for any person to:

(e) misrepresent as to any material fact which has a tendency to mislead; (f) fail to state a material fact if such failure tends to mislead;" or "(x) sell consumer goods in a condition or manner not consistent with that warranted by operation of . . . the District of Columbia Official Code, or by operation or requirement of federal law," D.C. Code § 28-3904.  These are exactly the allegations Smith brings against Gutter Covers and Britt.  None of defendants' arguments – that Smith does not allege that she wants to rescind her contract with Gutter Covers, that "[i]t is not apparent how a purchaser could ever have consequential or special damages from the lack of technically accurate rescission language," Def.'s Opp'n to Mot. to Amend/Remand at 6, and that the home solicitation provision of CPPA must "prevail over any inconsistent provisions of law," *id*. – compel dismissal.[3]  Accordingly, defendants have failed to meet their burden in showing that the court should not grant Smith leave to amend her complaint, and Smith's motion will be granted.

**C.    Remand**

Smith's amended complaint contains no federal cause of action, and fails to meet the amount in controversy requirement for diversity jurisdiction.  Consequently, the court remands the case to Superior Court for the District of Columbia.  *See Transworld Prods. Co. v. Canteen Corp.*, 908 F. Supp. 1, 6 (D.D.C. 1995) (citing 28 U.S.C. § 1447).  Although defendants urge the court to decide this case on its merits, invoking "considerations of judicial economy," Def.'s Opp'n to Mot. to Amend/Remand at 8, both judicial economy and this court's "reluctan[ce] to

---

[3] Defendants acknowledge that "the courts in the District of Columbia have not construed" the home solicitation provision of D.C. Code § 28-3811, Def.'s Opp'n to Mot. to Amend/Remand at 6, rendering a properly pled claim under this provision particularly inappropriate for dismissal at this stage.

retain pendent jurisdiction over a question for which state jurisprudence gives inadequate guidance," *Vigilant Ins. Co. v. EEMAX, Inc.*, 362 F. Supp. 2d 219, 224 (D.D.C. 2005) (quoting *Women Prisoners of District of Columbia Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 922 (D.C. Cir. 1996) (internal quotation omitted), support remand.  Because the court determines on its own initiative that remand is appropriate, it need not consider Smith's motion to remand.

### III. CONCLUSION

For the foregoing reasons, defendant Britt's motion to dismiss is denied, Smith's motion to amend is granted, and her motion to remand is denied as moot.  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: August 4, 2005